**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2484-WJM-BNB

MARIA REYNOLDS,

    Plaintiff,

v.

PROCOLLECT, INC., a Texas corporation,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

Plaintiff Maria Reynolds ("Plaintiff") brings this action against Defendant Procollect, Inc., ("Defendant") arising out of an Fair Debt Collection Act ('FDCPA') action. (ECF No. 1.) Before the Court is Plaintiff's Motion for Default Judgment Against Defendant ("Motion"). (ECF No. 10.)

For the reasons set forth below, Plaintiff's Motion for Default Judgment is granted.

## I.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance,

the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

Moreover, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008). Before granting a motion for default judgment, several steps must be taken. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F .2d 1200, 1202-03 (10th Cir. 1986). Second, the Court must consider whether the well-pleaded allegations in the complaint support a judgment on the claims against the defaulting defendants. *See Federal Fruit & Produce Co. v. Red Tomato, Inc.*, Civ. Action, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.")

"In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (*citing Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages.[1]  *See* Fed. R. Civ. Pro. 55(b)(2).

---

[1] For reasons addressed later, this case is one where no hearing is required to determine damages.  There is enough in the affidavit materials to do so.

## II.  BACKGROUND

### A.  Factual Background

Plaintiff is an individual consumer who resides at 2608 S. Quitman St., Denver, Colorado. (Pl.'s Aff. (ECF No. 10-1) ¶ 1).  Beginning in approximately April 2012, the Defendant began reporting on Plaintiff's credit report that she owed an outstanding debt for an apartment complex from 2009. (*Id.* ¶ 2-3.)  The Plaintiff never lived in an apartment complex, and the debt being reported on her credit report was not hers.  (*Id.*)  On April 24, 2012, Plaintiff informed Defendant of this error; but Defendant ignored her, and continued reporting false information about the Plaintiff to the credit bureaus.  (*Id.* ¶ 5.)  The amount of the debt that Defendant attempted to collect from the Plaintiff included fees and charges not authorized by a written agreement, because the Plaintiff never had a written agreement with an apartment complex in 2009.  (*Id.* ¶ 8.)  The Defendant also falsely represented the amount of the debt by reporting that the Plaintiff owed it money, when in fact, the Plaintiff owed it $0.  (*Id.* ¶ 9.)

The Defendant is a debt collector whose principal purpose is to collect debts allegedly due of another.  (*Id.* ¶ 10.)

### B.  Procedural Background

Plaintiff initiated this action by filing a Complaint on September 18, 2012.  (ECF No. 1.)   On September 19, 2012, Defendant was properly served with, amongst other filings, a Summons and a copy of the Complaint. (ECF No. 6; ECF No. 7-1)   Defendant did not file an Answer or otherwise respond to Plaintiff's Complaint.  (Osbourne Decl. (ECF No. 7-1) ¶ 6).  Upon Plaintiff's filing on October 12, 2012 (ECF No. 7), the Clerk

of the Court entered an Entry of Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55 (b)(1).  (ECF No. 8).  Plaintiffs subsequently filed the present Motion for Default Judgment on October 22, 2012.  (ECF No. 10.)

The Court has reviewed the Motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

### III.  ANALYSIS

#### A.     Jurisdiction

The Court finds that subject matter jurisdiction exists pursuant to 15 U.S.C § 1692 and 28 U.S.C. § 1331.  Defendant's agent is registered to do business in Colorado (for the institutional Defendants), and a copy of the Complaint was served on same. (ECF No. 1.)  Accordingly, the Court finds that it has personal jurisdiction over Defendant.

#### B.     Plaintiff's Claims

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e). The FDCPA prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." § 1692e(8).  Debt collectors may collect only those amounts that are "expressly authorized by the agreement creating the debt or permitted by law."

§ 1692f(1).  Debt collectors may not falsely misrepresent the amount or legal status of the debt.[2]  *See* § 1692e(2).

The FDCPA provides for a civil cause of action to enforce its provisions, with debt collectors who violate it liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs. § 1692k(a)(1)–(3); *see, e.g., Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009).  Because the FDCPA is a strict liability statute, a plaintiff need only demonstrate one violation of the statute to be entitled to a favorable judgment.  *See Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011).

In the instant case, Plaintiff claims that Defendant violated the FDCPA by (1) falsely reporting information about Plaintiff to credit bureaus the Defendant should have known was false; (2) attempting to collect an amount not authorized by an agreement, and (3) misrepresenting the character, status, and amount of debt purportedly owed to Defendant.  (ECF No. 1 at 2.)

Taking the facts pled as true, the Court finds in favor of Plaintiff.  First, Defendant violated the FDCPA by falsely reporting to the credit bureaus that the Plaintiff was liable for the apartment complex debt when in fact the Plaintiff had never even lived at the premises. 15 U.S.C. 1692e(8).  Indeed, there was never any agreement between the parties.  Second, Defendant violated the FDCPA by attempting to collect amounts that were not authorized by the underlying agreement creating the debt. 15 U.S.C. 1692f(1).

---

[2] It is also worth noting that, "because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

Third, Defendant misrepresented the amount of the debt by reporting to the credit bureaus that the Plaintiff owed it a sum of money, when in fact the Plaintiff owed the Defendant $0; again, because there was no agreement between the Parties.

Accordingly, and based on the affidavits filed, the Court has little difficulty in finding that Defendant has violated statutory provisions under the FDCPA.

### C.      Default Judgment for Sum Certain Damages

The amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Notwithstanding this, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

Plaintiff seeks statutory damages of $1,000. As demonstrated above, Defendant has engaged in at least three violations of the statute.[3] To prevent future violations, the Court finds that an award in favor of Plaintiff to the sum requested is warranted. This not only vindicates Plaintiff's rights, but it also vindicates the purposes of the statute—*i.e*, (1) to eliminate abusive practices in the collection of consumer debts, (2) to

---

[3] And while there is no affidavit supporting this sum certain for statutory damages *per se* (as would be typically required for proving actual damages), the Plaintiff's affidavit demonstrating liability provides sufficient evidence to warrant the award of statutory damages in this case. (Pl.'s Aff. ¶ 3-5). Indeed, the affidavit materials supporting liability dovetail with the purposes of statutory damages—*i.e.* to punish and guard against (future) wrongful conduct by an offending party. Here, Plaintiff's affidavit describes Defendant's (past) wrongful conduct; and, an award for statutory damages seeks to prevent this same conduct from being repeated in the future. *See generally, Doshay*, 796 F. Supp. 2d at 1304.

promote fair debt collection, and (3) to prevent consumer fraud.[4]  *Doshay, 796 F. Supp. 2d at 1304; see also Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir. 2003) (stating that statutory damage also seek "to encourage the filing of individual lawsuits as a means of private enforcement of consumer protection laws").

Accordingly, default judgment shall be awarded for the sum certain damages described above.

### D.     Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees, costs, and expenses.  (ECF No. 10 at 3.)  Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs.  The FDCPA provides also provides for reasonable attorney's fees and costs for prevail parties.  § 1692k(a)(1)–(3)

In the instant case, Plaintiff seeks attorneys' fees in the amount of $3,123.50. This reflects 9.6 hours at the partner rate of $300 per hour and 0.10 hours at the associate rate of $250 per hour, and 2.3 hours at the paralegal rate of $95 per hour. (ECF No. 10-3.)  In the Court's view—and upon review of the fee statement, supporting an award for attorneys' fees—the rates described in same are reasonable for an action such at this.  However, what is *not* reasonable is the hours expended to undertake

---

[4] Moreover the statutory damages sum is not large, nor does it raise due process concerns with aggregation that can result in class action suits.  *See,* Sheila B. Scheuerman, "*Due Process Forgotten: The Problem of Statutory Damages and Class Actions*," 74 Mo. L. Rev. 103, 112 (2009) (analyzing the due process concerns created by the aggregation of claims in class actions), but *compare*: Blaine Evanson, "*Due Process in Statutory Damages*," 3 Geo. J.L. & Pub. Pol'y 601 (2005) (arguing that statutory damages should be reviewed to effect optimal deterrence and punishment).

Plaintiff's work. In part, the Court finds that this work is excessive. And, for two reasons, the Court subtracts fifteen percent (15%) from the total hours expended by Plaintiff's counsel (M. Osbourne). First, and on first blush of the time-sheet, it becomes clear that the suit was not one where Plaintiff's counsel was tilling new soil. This matter solely involved FDCPA claims; there are no additional statutory claims; nor causes of action for emotional distress, among others.

Second, there is little (if any) research in the legal services rendered to Plaintiff. This suggests the routine nature of the work and the chances of it being completed with some level of efficiency. It also suggests that counsel is well versed in the law. As such, counsel cannot have it both ways: he cannot, hold himself out as a specialist in FDCPA litigation (and charge $300 per hour) on the one hand; and charge for excessive and unnecessary hours for routine meetings and preparation of work on the other. Based on Plaintiff's time-sheet, work rendered (and charged) in the first week of suit is illustrative of unnecessary time spent—particularly given the form nature of the pleadings and the asserted ability of the practitioner himself. *See Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996) (stating that while the Court need not "justify every hour allowed or disallowed" in the assessment of attorney fees).

Further, Plaintiff also seeks award of $398 in costs for the federal court filing fee and to effectuate service on the Defendant. The Court finds that this amount is reasonable and that Plaintiff has established that it is entitled to recover this amount.

In sum—and taking into account the 15% deduction—an award for attorney's

fees amounts to $2,691.50.  Costs for filing the Complaint and service amount to $398.[5]

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment Against Defendant  (ECF No. 10) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,089.5 as statutory damages, reasonable attorneys' fees and costs.

Dated this 19th day of July, 2013.

BY THE COURT:

William J. Martínez
United States District Judge

---

[5] As stated above, the Court grants Plaintiff $1000 in statutory damages, being the upper limit that can be awarded under the FDCPA.